appropriate sedentary occupations. He does not meet the policy's definition of "disabled" applicable after 36 months of payment, and therefore, we have no alternative but to uphold the previous denial of additional group long term disability benefits.

(AR 530-31). This action followed.

## V. UNUM IS ENTITLED TO JUDGMENT BECAUSE PLAINTIFF CANNOT ESTABLISH THAT ITS DECISION TO DENY BENEFITS WAS NOT SUPPORTED BY SUBSTANTIAL EVIDENCE

### a. The Process Unum Undertook in Reviewing Plaintiff's Application was Rational and Appropriate.

Unum's review of the plaintiff's claim for disability benefits beyond the 36 month "own occupation" period was multi-layered. It involved at least two separate medical reviews of all the evidence in the administrative record by Dr. Krell and Nurse Ianarelli. After it determined initially that plaintiff was not disabled under the "any occupation" definition, Unum, through a separate decision-making unit, performed a further review of all the available evidence, and the plaintiff was allowed to submit new medical information during that review. Different benefits analysts at Unum reviewed the medical and non-medical materials in the record, and Unum ultimately referred the claim to an outside, independent vocational agency to perform a transferrable skills analysis. All in all, at least seven different people were involved in the decision to deny plaintiff's application, the review by Unum's quality support unit, and Unum's administrative affirmance of the denial.

Furthermore, Unum did not predicate its decision on one single piece of evidence to the exclusion of all others. It came to the conclusion that the plaintiff had

full time sedentary work capacity only after reviewing all the information in plaintiff's file, comparing the results of the surveillance to plaintiff's many statements describing his afternoon fatigue, assessing Dr. Kernan's inability or unwillingness to provide Unum with objective medical data to support his assessment of plaintiff's restrictions and limitations, and applying plaintiff's prior life experiences to the contemporaneous job opportunities available in the Greater New Haven area.  Commenting on a similar process in a case involving an ERISA dispute, Judge Hall recently held that, "the court cannot consider, [this type of process] nor could a reasonable jury find, such a process to be one without reason." Kocsis, 142 F. Supp. 2d 253.  Unum submits that its decision, just like the fiduciary's decision affirmed in Kocsis, supra, is amply supported by evidence that a reasonable mind can accept as adequate to support the decision to deny the plaintiff disability benefits.  Id.  See also, Mormile v. Metropolitan Life Insurance Company, et al. 91 F. Supp.  2d 492, 496 (D. Conn. 2000).

Judge Hall's decision in Kocsis, supra, can apply with equal force in examining the facts presented in this case.

> In short, the record demonstrates that [Unum] conducted a thorough review of the medical records of the plaintiff and the opinions of his treating physicians...and arrived at a decision, on the basis of the standards in the [Policy], with which the plaintiff and perhaps his treating physicians disagree.  This disagreement, however, does not render [Unum's] denial of benefits erroneous as a matter of law or otherwise arbitrary or capricious.  Regardless of how another reasonable mind might have arrived at a decision on the plaintiff's eligibility for disability benefits...the court is not free to substitute its own judgment, or that of another medical professional, for that of [Unum], as the Plan's administrator, as if the court were considering the plaintiff's eligibility anew.  The court can not, and in this instance will not, upset a reasonable

interpretation by the Plan's administrator.

142 F. Supp. 2d 253.

### b. Plaintiff's Inability to Provide Unum with Objective Evidence Supporting His Claim of Disability Demonstrates That the Decision Not to Extend Benefits into the "Any Occupation" Period Was Legally and Substantively Correct

In this case, Unum informed plaintiff and his physician of the type of materials and information he needed to provide in order to establish his entitlement to benefits in the "any occupation" period.[1] Ms. Cole wrote to Dr. Kernan on July 26, 2001 requesting "**specific additional objective information** to support your opinion" that Mr. Pasquini did not have eight hours of daily sedentary to light work capacity.  (AR 432).  She told the plaintiff on August 2, 2001 that he needed to provide Unum with "**additional medical info with objective findings stating his R&Ls**." (AR 433).  What she received in return was not objective data; she received plaintiff's own self-assessment that he could not work a full day because he experienced disabling fatigue in the afternoon that was adopted by and then parroted through Dr. Kernan.

Plan administrators have a duty to take relevant evidence into consideration when making a disability determination, and an applicant's subjective reports would

---

[1] Under the Policy, plaintiff at all times bore the burden of proving his disability. (AR 554).  Unum at no time had any burden to prove that plaintiff was not disabled or to undertake any action on its part to assist plaintiff in shouldering his burden.  See, e.g., Abnathaya v. Hoffman-LaRoche, Inc., 2 F.3d 40, 46 (3rd Cir. 1993); Wojciechowski v. Metropolitan Life Insurance Company, 75 F. Supp. 2d 256, 262-63 (S.D.N.Y. 1999); George v. First Unum Life Insurance Company, 1996 WL 701018 (S.D.N.Y. 1996).

constitute relevant evidence. See <u>Connors v. Connecticut General Life Insurance Co</u>., 272 F.3d 127, 136 ("It has long been the law of this Circuit that the subjective element of pain is an important factor to be considered in determining disability.")(Internal quotations and citation omitted). However, there is no indication in the administrative record that Unum refused to consider plaintiff's subjective complaints or the opinion of his treating physician which was, in turn, solely based on plaintiff's subjective complaints. Rather, the record is clear that Unum ultimately opted to credit the reports of the two 2001 Yale sleep studies, Dr. Kernan's belief that CPAP use would alleviate plaintiff's sleep apnea and decrease his daytime somnolence, the views of its in-house physicians who had examined plaintiff's medical records, the visual evidence of plaintiff's activities on June 23 through 27, 2001, and the results of an independent vocational review of plaintiff's education, training and experience over plaintiff's subjective statements of his work capacity. This methodology is not evidence of arbitrary or capricious conduct by an ERISA fiduciary. See, <u>Short</u>, supra. *32. Indeed, it is exactly what an ERISA fiduciary should do. To be sure, the Supreme Court expressly has held that an ERISA administrator may credit reliable evidence and reject without explanation the opinion of a claimant's treating physician. <u>The Black & Decker Disability Plan v. Nord</u>, __U.S.__, 123 S. Ct. 1965, 1972, 155 L. Ed. 2d 1034 (2003).

Moreover, it is not arbitrary, capricious or even unreasonable for a plan administrator to demand objective evidence to support the existence and nature of claimed restrictions and limitations. While plaintiff's self-reported symptoms and

subjective reports are relevant in considering whether to grant benefits, plan administrators are not obligated to accord special weight to those subjective reports. In Maniatty v. UnumProvident Corporation, et al., 218 F.Supp. 2d 500 (S.D.N.Y. 2002), aff'd, 62 Fed. Appx. 413, 2003 U.S. App. LEXIS 9383, cert. den. __ U.S. __, 157 L. Ed. 2d 310, 124 S. Ct. 431, 2003 U.S. LEXIS 7719, 72 U.S.L.W. 3280 (2003), a case in which the court considered an argument regarding an plan administrator's alleged failure to credit a claimant's subjective complaints in the absence of objective evidence to support them, the court explained,

> [I]t was not unreasonable for the administrator to conclude that the only material reason the treating physicians were reaching their diagnosis was based on their acceptance of plaintiff's subjective complaints: an acceptance more or less required of treating physicians, but by no means required of the administrator. . . The plan does state that 'proof' of continued disability must be provided . . ., and the very concept of proof connotes objectivity. In any event, it is hardly unreasonable for the administrator to require an objective component to such proof.

218 F.Supp. 2d at 504.

In one case, Coffman v. Metropolitan Life Insurance Co., 217 F. Supp. 2d 715, 732 (D. W.Va. 2002), another court analyzing a similar argument wrote:

> Although the word 'objective' does not appear in the plan requirement, that interpretation is not unreasonable under these circumstances....Were the opposite rule to apply, LTD benefits would be payable to any participant with subjective and effervescent symptomology simply because the symptoms were first passed through the intermediate step of self-reporting to a medical professional. If that were so, defendants would be greatly hampered in exercising their fiduciary role of carefully scrutinizing self-reporting, preventing malingering, and consequently 'guarding the assets of the trust from improper claims, as well as paying legitimate claims....Blind adherence to [the contrary rule], then, would render nugatory [fiduciaries' duties of] faithfulness to fiduciary

obligations.

Id. (Citations omitted). See also, Wertheim v. Hartford Life Insurance Co., 2003 US. Dist. LEXIS 10807 (E.D. Va. 2003); Williams v. Unum Life Insurance Company of America, 250 F. Supp. 2d 641, 648 (E.D. Va. 2003); Martin v. Continental Casualty Company, 96 F. Supp.2d 983, 992-94 (N.D. Cal. 2000).

As the court noted in Williams, supra,

Although the plan documents do not include the term "objective medical evidence," the plan does require a claimant to submit "proof of [her] claim."... **Without an objective component to this proof requirement, administrative review of a participant's claim for benefits would be meaningless because a plan administrator would have to accept all subjective claims of the participant without question.**

(Emphasis added).

In Boardman v. The Prudential Insurance Company of America, 2003 U.S. App. LEXIS 14672 (1st Cir. July 23, 2003), our neighboring Circuit confronted a similar claim to the one plaintiff presents in this case. There, the plaintiff claimed to be disabled by a combination of fibromyalgia and chronic fatigue syndrome, but Prudential rejected her claim for continued benefits not because she failed to present a diagnoses of her conditions, but because she did not present evidence "showing that [her] illness rendered her unable to work." Id. *17. In upholding judgment in favor of the defendant, the First Circuit held:

Prudential did not require Boardman to present objective medical evidence to establish her illness. On the contrary, Prudential was willing to accept that Boardman suffered from the illnesses she reported to her doctors. Rather, Prudential wanted objective evidence that these illnesses rendered her unable to

work. While the diagnoses of chronic fatigue syndrome and fibromyalgia may not lend themselves to objective clinical findings, the physical limitations imposed by the symptoms of such illnesses do lend themselves to objective analysis.

Id. *19 n.5 (Emphasis added).[2]

Most recently, Judge Kravitz confirmed that Unum did not act arbitrarily or capriciously in demanding that a claimant provide it with objective proof that a disabling condition is actually causing the claimed restrictions and limitations. In Short, supra, the plaintiff and her doctor claimed that fibromyalgia limited the plaintiff to a very restrictive work day. Even though Unum had provided her with "own occupation" long term disability benefits, it declined to do so into the "any occupation" period because the plaintiff and her doctor could not after being requested to do so provide Unum with objective medical evidence to show what she physically could and could not do. Like the plaintiff and her physicians were in that case, Mr. Pasquini and Dr. Kernan in this were told clearly what medical information they needed to provide to Unum in support of his application for continued benefits. As in Short, Unum here only received subjective complaints, not objective data, in return. The court therefore should treat Unum's decision in this case no differently than Judge Kravitz treated Unum's decision in Short.

## VI. CONCLUSION

Case law is clear in defining the substantial hurdle plaintiff must overcome in

---

[2] Below, the plaintiff did not present Unum with any objective evidence with which to argue that his condition rendered him unable to perform the duties of any gainful occupation for which he was reasonably fitted. He limited his argument solely to the claim that Unum was in error in not relying solely on his subjective complaints.

order to demonstrate that Unum acted "arbitrarily and capriciously." Here, the administrative record lacks objective evidence showing that plaintiff was unable to perform the duties of any gainful occupation for which he was reasonably fitted by education, training or experience. On this record, Unum acted within its discretion by terminating further benefits. Plaintiff has not met his burden of proving to the administrator that he was entitled to benefits beyond the initial 36 month period he already was awarded. Judgment should therefore be entered confirming Unum's administrative decision below and the plaintiff's complaint should be dismissed.

RESPECTFULLY SUBMITTED,
UNUM LIFE INSURANCE COMPANY OF AMERICA

BY: _____
Alexander H. Schwartz, Esq. (ct 05773)
3695 Post Road, Suite 203
P.O. Box 701
Southport, CT   06890-0701
203.255.9829
203.255.9839 (Fax)

## CERTIFICATION

I hereby certify that a true copy of the foregoing has been mailed this 9th day of February, 2004 to:

David S. Rintoul, Esq.
Brown Paindiris & Scott, LLP

2252 Main Street
Glastonbury, CT 06033

                                                                                                                             _____
                                                                                                                              Alexander H. Schwartz