3.  At all relevant times, DESCO Corp. Provided its employees, including the plaintiff, with long-term disability insurance coverage under a policy (the "Policy) issued by Unum Life Insurance Company of America. ("Unum").

4.  Under the Supreme Court decision in Firestone Rubber Company v. Bruch, 489 U.S. 101, 115 (1989), a decision of an ERISA appeals committee is to be reviewed *de novo* unless the benefit plan gives the administrator or fiduciary discretionary authority to determine eligibility for benefits or to construe the terms of the plan.

5.  The Policy states:

This policy is delivered in and is governed by the laws of the governing jurisdiction and to the extent applicable by the Employee Retirement Income Security Act of 1974 (ERISA) and any amendments. When making a benefit determination under the policy, Unum has discretionary authority to determine your eligibility for benefits and to interpret the terms and provisions of the policy.

This language is sufficient to invoke a court's deferential review of Unum's decision. Maniatty v. UnumProvident Corporation, et al., 218 F.Supp. 2d 500 (S.D.N.Y. 2002), aff'd, 62 Fed. Appx. 413, 2003 U.S. App. LEXIS 9383, cert. den. __ U.S. __, 157 L. Ed. 2d 310, 124 S. Ct. 431, 2003 U.S. LEXIS 7719, 72 U.S.L.W. 3280 (2003); Pulvers v. First Unum Life Insurance Company, 210 F.3d 89, 92 (2d Cir. 2000) (language granting administrator "discretionary authority to determine ... eligibility for benefits and to interpret the terms and provisions of the policy" is of a kind that "generally prompts the arbitrary and capricious standard of review."); Short v. Unum Life Insurance Company of America, 2003 U.S. Dist. LEXIS 22327 (D. Conn. 2003); Rosenthal v. First Unum Life Insurance Co., 2002 U.S. Dist. LEXIS 8365, *15-*16 (S.D.N.Y May 9, 2002); Kocsis v. Standard Insurance Company, 142 F.Supp. 2d 241,251-52 (D. Conn. 2001) (reservation of right to determine eligibility for insurance, entitlement to benefits, amount of benefits and sufficiency of amount of information triggers discretionary review.).

31

6.  Where the written benefit plan documents give the administrator discretionary authority to determine eligibility for benefits, a court will not disturb the administrator's ultimate conclusion unless it is arbitrary and capricious. Pagan v. NYNEX Pension Plan, 52 F.3d 438, 441 (2d Cir. 1995).

7.  In reviewing an ERISA claim in which the administrator's conduct is judged by the arbitrary and capricious standard, the court's examination of the facts of the case is limited to reviewing the administrative record compiled below. Miller v. United Welfare Fund, 72 F.3d 1066, 1071 (2d Cir. 1995). In a deferential review case such as this, "a district court reviewing an ERISA denial of benefits is effectively functioning in an appellate capacity because it is precluded from considering new evidence" Larsen v. The Prudential Insurance Company of America, 151 F.Supp. 2d 167, 172 (D.Conn. 2001). The scope of a court's review is "very narrow." Celardo v. Greater New York Auto. Dealers Health & Welfare Trust, 318 F.3d 142, 146 (2d Cir. 2003).

8.  A denial of benefits is "arbitrary and capricious" if the decision to deny benefits was without reason, was unsupported by substantial evidence, or was erroneous as a matter of law. Pagan, 52 F.3d. at 442. "Substantial evidence" means such evidence that a reasonable mind might accept as adequate to support the conclusion reached by the decision-maker; it requires more than a scintilla, but is less than a preponderance of the evidence. Kocsis, 142 F.Supp. 2d at 252. "Where both the plan administrator and a spurned claimant offer rational, though conflicting, interpretations of plan provisions, the administrator's interpretation **must** be allowed to control." Pulvers v. First UNUM Life Insurance Co., 210 F.3d 89, 92-93 (2d Cir. 2000)(emphasis added).

9.  Under the deferential standard, the court is "not free to substitute its own judgment for that of the plan's administrator as if it were considering the issue of eligibility anew." Kocsis at 252. Thus, the court may not upset a reasonable interpretation of the administrator. Jordan v. Retirement Commission of Rensselear Polytechnic Inst., 46 F.3d 1264, 1271 (2d Cir. 1995).

32

10.     The court has reviewed the administrative record Unum prepared during its review of the plaintiff's claim and is satisfied that plaintiff has not sustained his burden of proof regarding disability. The plaintiff claims that he was disabled from performing the duties of any "gainful occupation" for which he was reasonably fitted by his education, training and experience because of fatigue.

Before applying for benefits under the Policy, plaintiff had suffered a stroke and later was hospitalized for hypertension. As a result, he was prescribed medications that had side effects of fatigue. When a 1998 sleep study demonstrated plaintiff did not suffer from sleep apena or other sleep disturbances that would explain his "heavy fatigue," Unum agreed with plaintiff and his doctor that his fatigue came as the side effects of his prescribed medications and his earlier stroke. It therefore paid plaintiff benefits during the initial, 36 month "own occupation" definition of disability under the Policy.

Unum commissioned surveillance of the plaintiff during its review of his claim under the second, "any gainful occupation" definition of disability. During the surveillance, plaintiff was seen doing things that appeared to be inconsistent with what he had told Unum and his doctor he was able to do. Unum therefore requested that plaintiff and his doctor provide it with objective evidence to support the restrictions and limitations his doctor had imposed upon him, to wit: part time work capacity of 4 to 6 hours per day. Neither the plaintiff nor his doctor provided Unum with objective data supporting restrictions and limitations. In fact, the only objective data that plaintiff and his doctors did provide to Unum established that, unlike before, plaintiff in 2001 was suffering from readily-curable sleep apnea. Unum assessed the inability or unwillingness of plaintiff and his treating doctor to provide objective data to support restrictions and limitations along with the GENEX transferred skills analysis and concluded that plaintiff was not disabled from all "gainful occupations" as the Policy defines that term.

The record is thus clear that Unum ultimately opted to credit the transferred skills analysis of GENEX, the analysis of its medical consultants, and the results of the 2001 sleep studies over plaintiff's subjective statements and the conclusions of his treating doctor, conclusions which themselves were based on plaintiff's subjective statements.

33

Unum acted within its rights in assessing the credibility of the subjective evidence presented to it, particularly since surveillance appeared to contradict that subjective evidence and plaintiff and his doctor did not support the subjective statements with objective evidence. Unum's actions in doing so was neither arbitrary nor capricious conduct by an ERISA administrator. See, Short, supra. at *32. Indeed, it is exactly what an ERISA administrator should do. To be sure, the Supreme Court expressly has held that an ERISA administrator may credit reliable evidence and reject without explanation the opinion of a claimant's treating physician that conflicts with such evidence. The Black & Decker Disability Plan v. Nord, __U.S.__, 123 S. Ct. 1965, 1972, 155 L. Ed. 2d 1034 (2003).

Moreover, it is not arbitrary, capricious or even unreasonable for a plan administrator to demand objective evidence to support the existence and nature of claimed restrictions and limitations. While plaintiff's self-reported symptoms and subjective reports are relevant in considering whether to grant benefits, plan administrators are not obligated to accord special weight to those subjective reports.

As one court recently noted, a claimant's own assessment of her own capacities is not a sufficient basis on which to ground a claim for ERISA benefits. Maniatty, supra. In that case, the plaintiff claimed that the language of the policy itself did not require her to produce objective medical evidence of her disability and required Unum to credit her own statements of her disabilities. The court, however, disagreed. Commenting, Judge Rakoff held:

> the very concept of proof connotes objectivity....It is hardly unreasonable for the administrator to require an objective component to such proof. To hold otherwise, to require administrators to provide benefits based solely upon subjective complaints of claimants, without more, would result in insurance companies paying virtually all claims.

See also, Coffman v. Metropolitan Life Insurance Co., 217 F. Supp. 2d 715, 732 (D. W.Va. 2002); The First Circuit is in accord with the Second Circuit on this point. Boardman v. The Prudential Life Ins. Co. of America, 337 F.3d 9 (2003), as are many other courts throughout the country. See, e.g. Wertheim v. Hartford Life Insurance

34

Co., 2003 US. Dist. LEXIS 10807 (E.D. Va. 2003); Williams v. Unum Life Insurance Company of America, 250 F. Supp. 2d 641, 648 (E.D. Va. 2003); Martin v. Continental Casualty Company, 96 F. Supp.2d 983, 992-94 (N.D. Cal. 2000).

     11.    Trustees of ERISA benefit plans are required to maintain and preserve their plan's assets, not to waste them. See, e.g. New York State Teamsters Conference Pension and Retirement Fund v. Boening Brothers, Inc. et al., 92 F.3d 127, 131 (2d Cir 1996); see also, Central States, Southeast & Southwest Areas Pension Fund et al. v. Central Transport, Inc., 472 U.S. 559, 572 (1985). Requiring a level of objective proof to support claimed restrictions and limitations is consistent with the duties and responsibilities of a claims administrator. The Court will likewise apply that standard to this case.

     12.    Having reviewed the administrative record, the court is satisfied that Unum did not act arbitrarily or capriciously in administering the plaintiff's claim. Unum's challenged analysis involved independent input from at least eight people: two medical consultants, a vocational analyst, four disability analysts and a private investigation agency. Each time a consultant reviewed plaintiff's claim, the consultant examined all of plaintiff's medical records as well as any further medical data plaintiff, his attorney or his doctors felt would support his claim.

Judge Hall's decision in Kocsis, supra, can apply with equal force in examining the facts presented in this case.

> In short, the record demonstrates that [Unum] conducted a thorough review of the medical records of the plaintiff and the opinions of his treating physicians...and arrived at a decision, on the basis of the standards in the [Policy], with which the plaintiff and perhaps his treating physicians disagree. This disagreement, however, does not render [Unum's] denial of benefits erroneous as a matter of law or otherwise arbitrary or capricious. Regardless of how another reasonable mind might have arrived at a decision on the plaintiff's eligibility for disability benefits...the court is not free to substitute its own judgment, or that of another medical professional, for that of [Unum], as the Plan's administrator, as if the court were considering the plaintiff's eligibility

35

anew. The court can not, and in this instance will not, upset a reasonable interpretation by the Plan's administrator.

142 F. Supp. 2d 253.

13. Based on all the information in the file, the court has determined that the plaintiff has not satisfied his burden of proving disability. Nor has he demonstrated that Unum acted arbitrarily or capriciously in denying his claim for long term disability benefits. Judgment therefore shall enter for the defendant confirming its administrative determination, and the clerk is directed to close this file.

RESPECTFULLY SUBMITTED,
UNUM LIFE INSURANCE COMPANY
OF AMERICA

BY: _____
Alexander H. Schwartz, Esq. (ct 05773)
3695 Post Road, Suite 203
P.O. Box 701
Southport, CT   06890-0701
203.255.9829
203.255.9839 (Fax)

## **CERTIFICATION**

I hereby certify that a true copy of the foregoing has been mailed this 9th day of February, 2004 to:

David S. Rintoul, Esq.
Brown Paindiris & Scott, LLP
2252 Main Street
Glastonbury, CT 06033

_____
Alexander H. Schwartz